In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Amy ACKER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Amy ACKER, Respondent.

Supreme Court

*No. 2006AP266–D. September 14, 2007.*

2007 WI 117

(Also reported in 738 N.W.2d 554.)

¶ 1. PER CURIAM. We review the referee's report and recommendation that the license of Attorney Amy Acker to practice law in this state be suspended for a period of 18 months due to her professional misconduct.

¶ 2. Following the filing of a complaint and the appointment of Attorney Stanley F. Hack as referee, Attorney Acker and the Office of Lawyer Regulation (OLR) filed a stipulation and no contest plea. The stipulation provided that the referee could use the allegations of the complaint as the factual basis for his report. Accordingly, the referee made factual findings in line with the allegations of the complaint and determined that Attorney Acker had committed each of the 14 counts of professional misconduct alleged in the complaint.

¶ 3.   The parties did not stipulate to the level of discipline. After conducting an evidentiary hearing and considering the arguments of the parties, the referee agreed with the OLR's request for an 18–month suspension.

¶ 4.   Neither the OLR nor Attorney Acker have appealed from the referee's report and recommendation. Thus, the matter is submitted to the court for its review and decision pursuant to SCR 22.17(2).[1]

¶ 5.   The referee's factual findings relate to seven estates for which Attorney Acker provided representation to the personal representative. For six of the seven estates, the findings of misconduct follow a general pattern involving the making of misrepresentations to the respective probate courts due to apparent delays in closing the estate and the filing of falsified closing certificates and other documents.

¶ 6.   Counts 1 and 2 relate to the estate of L.H. Attorney Acker acted as counsel for the personal representative. In a series of letters and in-court statements, Attorney Acker made multiple misrepresentations to the probate court. In a March 2000 letter, she told the court that the closing certificate had been mailed to her by the State of Wisconsin. In subsequent letters and court proceedings, she made various excuses for not closing the estate, including that she was waiting for the closing certificate, that she had misplaced the closing certificate, and that the closing certificate was in

---

[1] SCR 22.17(2) provides: Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

her office. In a letter received by the probate court on December 23, 2002, Attorney Acker informed the court that the estate was complete. Attorney Acker has subsequently admitted that her oral and written statements to the probate court were false.

¶ 7.   In addition, on December 23, 2002, Attorney Acker filed a closing certificate that had purportedly been issued by the state. After an inquiry by the Waukesha County Register in Probate, the Wisconsin Department of Revenue (DOR) determined that the closing certificate had been falsified. Attorney Acker admitted that she had fabricated the closing certificate, which was a criminal act violating Wis. Stat. § 943.38 (2005–06).

¶ 8.   The referee determined that Attorney Acker's false statements to the probate court had violated former SCR 20:3.3(a)(1)[2] (effective through June 30, 2007). The referee also concluded that Attorney Acker's falsification of the closing certificate had violated former SCRs 20:8.4(b)[3] and 20:8.4(c).[4]

---

[2] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. See Supreme Court Order No. 04–07, 2007 WI 4, 293 Wis. 2d xv; and Supreme Court Order No. 06–04, 2007 WI 48, 297 Wis. 2d xlvii. Since the conduct underlying this case arose prior to July 1, 2007, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:3.3(a)(1) provides that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal."

[3] Former SCR 20:8.4(b) states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[4] Former SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶ 9. Counts 3 and 4 relate to the estate of W.S. Attorney Acker made at least two misrepresentations to the probate court in this matter. On December 10, 2002, she falsely stated that the estate would be ready to close after she obtained the release of a claim. On December 12, 2002, Attorney Acker submitted a false affidavit in which she averred that she had mailed tax returns to the DOR on November 1, 2002.

¶ 10. On January 15, 2003, Attorney Acker filed a closing certificate that allegedly had been issued on January 6, 2003. Attorney Acker, however, did not file the relevant tax returns until May 2004. The DOR again determined that the closing certificate had been falsified. Attorney Acker subsequently admitted that she had forged the document.

¶ 11. The referee concluded that Attorney Acker's conduct regarding the W.S. estate had violated former SCR 20:3.3(a)(1), as well as former SCRs 20:8.4(b) and 20:8.4(c).

¶ 12. Counts 5 and 6 relate to the estate of V.G. Beginning in October 2000, Attorney Acker represented the personal representative for the estate. Attorney Acker again made misrepresentations to the probate court about having filed tax returns with the DOR, about having received a tax refund, and about the estate being ready to be closed. On January 15, 2003, Attorney Acker filed a closing certificate that appeared to have been issued on December 26, 2002. The certificate, however, had been fabricated by Attorney Acker, who did not file the pertinent tax returns until May 2004. The referee concluded that Attorney Acker's conduct had violated former SCRs 20:3.3(a)(1), 20:8.4(b), and 20:8.4(c).

¶ 13. Attorney Acker also served as the attorney for the personal representative of the estate of H.S.

Attorney Acker made a number of misrepresentations to the probate court about the completion of the estate, including a representation on September 26, 2003, that the closing papers were done and would be filed on the following Monday, and a representation on October 1, 2003, that the estate was ready to be closed, but the original closing certificate had become stuck in her copying machine. On October 2, 2003, Attorney Acker filed a closing certificate purportedly issued on August 26, 2003, that she had fabricated. Attorney Acker did not file the relevant tax returns until July 7, 2004. Attorney Acker's actions violated former SCRs 20:3.3(a)(1), 20:8.4(b) and 20:8.4(c).

¶ 14.  In the summer and fall of 2002, while representing the personal representative of the estate of C.L., Attorney Acker made a series of misrepresentations to the probate court, including that the closing certificate should be in the mail, that she had to submit an amended tax return, that all distributions had been made, and that the estate was ready to close. In addition, on December 23, 2002, Attorney Acker submitted a receipt purportedly signed by R.D., although R.D. had died on March 27, 2001. Attorney Acker also filed a closing certificate on December 23, 2002, although Attorney Acker still had not filed the fiduciary tax returns as of September 2004. Attorney Acker admitted that she had fabricated the closing certificate and had forged R.D.'s name on the receipt. According to the referee, Attorney Acker's conduct in the C.L. estate violated former SCRs 20:3.3(a)(1), 20:8.4(b), and 20:8.4(c).

¶ 15.  Attorney Acker also acted as the attorney for the personal representative of the estate of S.C. Attorney Acker misrepresented to the probate court that she had filed the original closing certificate on June 16, 2003, and falsely alleged that the court must have lost it. On

February 19, 2004, she filed what she claimed were copies of the original closing certificate and her June 16, 2003, transmittal letter. Attorney Acker has admitted that these representations were false and that the state had never issued a closing certificate. The referee again found violations of former SCRs 20:3.3(a)(1), 20:8.4(b), and 20:8.4(c).

¶ 16. The seventh and final estate matter at issue in this disciplinary proceeding involved the estate of J.S. Attorney Acker failed to respond to the June 30, 2003, claim of the Wisconsin Estate Recovery Program (the Program) for the recovery of $47,928.92 in Medicare benefits that the state had paid on behalf of J.S. during her lifetime. The referee concluded that Attorney Acker's failure to respond to this claim had constituted a failure to act with reasonable diligence and promptness, contrary to former SCR 20:1.3.[5] Attorney Acker also failed to provide a timely response to questions from the personal representative about the status of certain assets and the delay in completing the estate. The referee determined that this conduct had constituted a violation of former SCR 20:1.4(a)[6] (effective through June 30, 2007).

¶ 17. With respect to the level of discipline, the OLR sought an 18–month suspension and Attorney Acker requested either a public reprimand or a stayed six-month suspension. The referee acknowledged a series of letters from clients and other attorneys submitted in support of Attorney Acker, showing her to be a

---

[5] Former SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[6] Former SCR 20:1.4(a) states that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

"serious competent attorney functioning at a high level." The referee also stated that Attorney Acker had no prior disciplinary history, had not acted out of selfish motive, had made full disclosure to the OLR, and had exhibited good character and remorse. The referee further noted that Attorney Acker had submitted evidence of personal problems, but did not give much emphasis to them.

¶ 18. Despite the favorable factors for Attorney Acker, the referee indicated that given the length of time over which the misconduct had occurred and the number of matters involved, it was difficult to accept any explanation from Attorney Acker for her misconduct. In light of the pattern of misconduct, the referee agreed with the OLR's requested level of discipline, and recommended that the court suspend Attorney Acker's license to practice law in this state for a period of 18 months. The referee also recommended that the court impose the full costs of this proceeding, which were $6863.02, as of January 17, 2007.

■

¶ 19. After having independently reviewed the record, we adopt the referee's findings of fact. *See In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997) (referee's findings of fact affirmed unless clearly erroneous). We also agree with the referee that those factual findings demonstrate that Attorney Acker committed each of the 14 counts of professional misconduct alleged in the complaint. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718 (referee's conclusions of law reviewed on de novo basis).

¶ 20.   With respect to the discipline to be imposed, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. In the present case we conclude that an 18–month suspension of Attorney Acker's license to practice law in this state, as recommended by the referee, is an appropriate quantum of discipline to protect the public and to deter similar misconduct in the future by Attorney Acker or other Wisconsin attorneys. Attorney Acker's pattern of misrepresentations to the probate courts and her repeated falsification of documents filed with those courts strike at the integrity of the judicial system and the practice of law in this state. Although we recognize the lack of any prior discipline and the various documents filed on Attorney Acker's behalf that depict an otherwise competent and dedicated attorney, it would unduly depreciate the seriousness of her professional misconduct to impose a lesser amount of discipline.

¶ 21.   IT IS ORDERED that the license of Attorney Amy Acker to practice law in Wisconsin is suspended for a period of 18 months, effective September 14, 2007.

¶ 22.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Amy Acker shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay those costs within that time, the license of Attorney Acker to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 23. IT IS FURTHER ORDERED that if she has not already done so, Attorney Amy Acker shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 24. ANNETTE KINGSLAND ZIEGLER, J., did not participate.